UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GENETIC TECHNOLOGIES LIMITED,<br><br>Plaintiff,<br><br>v.<br><br>MEDICAL DIAGNOSTIC<br>LABORATORIES, L.L.C.,<br><br>Defendant. | Civil Action No. 12-6053 (MAS)<br><br><br>MEMORANDUM OPINION |

**BONGIOVANNI, Magistrate Judge**

Presently before the Court in this patent infringement action is Defendant Medical Diagnostic Laboratories, LLC's ("MDL") motion to stay this matter pending *ex parte* reexamination by the United States Patent and Trademark Office ("PTO") of U.S. Patent No. 5,612,179 (the "'179 patent") [Docket Entry No. 17]. Plaintiff Genetic Technologies Limited ("GTG") opposes MDL's motion. The Court considers MDL's motion without oral argument pursuant to FED.R.CIV.P. 78. For the reasons set forth more fully below, MDL's motion is GRANTED and this civil action shall be stayed pending the PTO's reexamination of the '179 patent.

**I.     Background**

GTG filed its Complaint against MDL on September 26, 2012, alleging infringement of GTG's '179 patent, titled "Intron Sequence Analysis Method for Detection of Adjacent and Remote Locus Alleles as Haplotypes." (Complt. ¶7; Docket Entry No. 1). MDL filed and Answer to the Complaint on November 21, 2012 [Docket Entry No. 11] and a Rule 16 Scheduling Conference was thereafter set for January 3, 2013. [Docket Entry No. 13]. On

1

December 5, 2012, the Court received a letter from Defendant requesting permission to file a formal motion to stay proceedings in this matter pending reexamination of the patent in question. (*See* Scott S. Christie, Esq. letter dated 12/5/12, page 1[1]).  By email dated the same, the Court granted Defendant's motion and adjourned the scheduled Initial Conference.  The instant motion followed.

II.     Analysis

It is well-established that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936).  As such, the decision to stay a patent case in which the PTO has granted a request to reexamine the patent-in-suit rests within the sound discretion of the district court.  *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "[c]ourts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.") (internal citations omitted).

Staying a matter pending a reexamination by the PTO comes with both costs and benefits. Advantages include:

> (1) a review of all prior art presented to a court by the PTO, with its particular expertise; (2) the potential alleviation of numerous discovery problems relating to prior art by PTO examination; (3) the potential dismissal of a civil action should invalidity of a patent by found by the PTO; (4) encouragement to settle based upon the outcome of the PTO reexamination; (5) an admissible record at

---

[1]While reference is made to submissions considered by the Court, they shall not be placed on the docket unless requested by a party.

>trial from the PTO proceedings which would reduce the complexity and length of the litigation; (6) a reduction of issues, defenses and evidence during pre-trial conferences; and (7) a reduction of costs for the parties and a court.

*Eberle v. Harris*, Civil Action No. 03-5809 (SRC), 2005 WL 6192865, *2 (D.N.J. Dec. 8, 2005) (citing *GPAC, Inc. v. D.W.W. Enterprises, Inc.*, 144 F.R.D. 60, 63 (D.N.J. 1992)).  There are, of course, also disadvantages to the imposition of a stay.  For example, "a stay in litigation inevitably causes further delay in an already lengthy process and could potentially harm [the party opposing the stay]. [The opposing party] ha[s] a right to have their day in court, and more and more in American jurisprudence the goal is to have that day sooner rather than later." *Id*.  Nevertheless, while courts balance the costs and benefits associated with staying a matter pending reexamination of a patent by the PTO, "courts have noted that granting a stay pending reexamination is favored." *ICI Uniqema, Inc. v. Kobo Products, Inc.*, Civil Action No. 06-2943 (JAP), 2009 WL 4034829, *1 (D.N.J. Nov. 20, 2009).

In determining whether to stay a matter pending reexamination by the PTO, courts have developed a three-part test.  Under this test, courts consider "'(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.'" *Stryker Trauma S.A. v. Synthes (USA)*, Civil Action No. 01-3879 (JLL), 2008 WL 877848, *1 (D.N.J. March 28, 2008) (quoting *Xerox Corp. v. 3Com Corp.*, 69 F.Supp.2d 404, 406 (W.D.N.Y. 1999)).  As set forth below, upon consideration of these factors, the Court finds that MDL's motion for a stay should be granted.

    **A.**    **Prejudice/Tactical Disadvantage**

GTG argues that there is a clear tactical disadvantage to it if the stay is granted. In support of this contention GTG notes that it has commenced fourteen other cases across the country that have been purposefully "staggered" in such a way as to "effectively manage [GTG's] resources and avoid excessive burdens upon itself." *GTG's Brief in Opposition,* Docket Entry No. 22, *10. GTG argues that a stay in this case would burden it as to the other fourteen cases. In contrast, MDL argues that GTG is a "patent troll" which files multiple lawsuits "for the purpose of leveraging the collection of licensing fees." *Brief in Support,* Docket Entry No. 17-1, *14. MDL notes that "there has been no discovery, no claim construction proceedings, and no trial preparation" in this case. *Id.* at *13. Additionally, there has been no Initial Conference held or Scheduling Order issued. Therefore, MDL argues that the imposition of a stay is strongly favored in this case.

The Court finds GTG's argument as to prejudice/tactical disadvantage to lacking and is not persuaded that the entry of a stay in this matter will unduly prejudice GTG or place them at a clear tactical disadvantage in this litigation. First, the Court notes that the delay inherent in the reexamination process is itself insufficient to establish undue prejudice. *Oy Ajat, Ltd. v. Vatech Am., Inc.*, Civil Action NO. 10-4875 (PGS), 2012 WL 1067900, *21 (D.N.J. March 29, 2012); *Brass Smith, LLC v. RPI Indus., Inc.*, Civil No. 09-6344 (NLH/JS), 2010 WL 4444717, *4 (D.N.J. Nov. 1, 2010); *ICI Uniqema*, 2009 WL 4034829, at *2. Second, GTG's proffered justification that it would be prejudiced in the other fourteen cases by a stay in this one is without merit. As noted by both parties, four of GTG's other cases have already been stayed with the consent of GTG, and the Court finds that a stay at the early juncture in this case is not prejudicial to GTG. Third, MDL argues, and GTG does not contest, that GTG "does not appear to offer

products or services covered by the relevant claims in the '179 patent" and therefore is a "non-practicing entity" who "will suffer no erosion of market share or loss of profits or goodwill if a stay is imposed." *MDL's Brief in Support,* Docket Entry No. 17-1, *14.  Lastly, both parties acknowledge that the '179 patent in question has expired and that, therefore, no additional damages can be incurred from current or future infringement from same.

Moreover, the Court finds no undue delay, for the stay is likely to be a short one.  Both parties have noted the speed with which the reexamination proceeds. *See MDL's Brief in Support,* Docket Entry No. 17-1, *13 ("PTO procedures are designed to expedite the reexamination process, thereby further reducing potential issues of delay.  Patent examiners are obligated to conduct reexamination proceedsing 'with special dispatch'.")(internal citation omitted); and *GTG's Brief in Opposition,* Docket Entry No. 22, *7 ("GTG has also taken actions to speed the completion of the Reexamination," noting that it is expecting some action on behalf of the Examiner by late January 2013.)  GTG's argument for the possibility of mootness, should the Reexamination be decided prior to a stay being imposed, is unpersuasive. The Court finds that no prejudice will result from the imposition of a stay, even one potentially so temporary as to be considered moot.

      B.     **Simplification of Issues and Trial**

GTG argues that staying this matter will not simplify the disputed issues presented in this litigation.  In this regard, GTG notes that the following claims of the '179 patent have been confirmed by the PTO: claims 2, 4-6, 10-12, 17 and 18.  As a result, regardless of the PTO's determination with respect to the other claims of the '179 patent, GTG argues that the parties'

disputes concerning the infringement, invalidity and enforceability of the aforementioned claims will have to be decided by the Court.  As such, GTG argues a stay will not simplify this case.

Likewise, GTG argues that simplification of issues at trial is unlikely because the claims of the '179 patent initially confirmed by the PTO implicate the claims that have been preliminarily rejected.  In turn, GTG argues that the confirmed claims are dependent claims, which include the limitations of other claims.  For example, claims 10-12, 17 and 18 of the '179 patent, which was confirmed by the PTO, depend from claim 9, which was preliminarily rejected by the PTO.  Given the dependent nature of the several claims, "[e]ven if the patentability of Claim 9 is not confirmed in the Reexamination, the limitations of Claim 9 will still be relevant to Claims 10-12, 17 and 18 for purposes of claim construction and infringement." *GTG's Brief in Opposition,* Docket Entry No. 22, *9.  Therefore, GTG reasons that even if certain claims are ultimately rejected by the PTO, such claims will survive reexamination because they will be incorporated into the confirmed dependent claims.

In addition, GTG argues that, should a stay be denied, the scheduling conference will likely be rescheduled for a time after which the reexamination will have been decided. Therefore, a stay will not simplify the issues in dispute because, by the time the Rule 16 conference is rescheduled, such issues will have resolved themselves already.  Alternatively, GTG argues that even if the reexamination is not decided by that time, that "it will have no practical effect on the parties' exchange of infringement and invalidity contentions." *Id.* at *10.

Contrary to GTG's arguments, the Court finds that a stay will likely simplify this issues in dispute and the trial of this matter.  MDL has argued that "[a] stay will save resources and promote judicial economy," as well as "benefit[] claim construction." *MDL's Brief in Support,*

Docket Entry No. 17-1, *17-18.  Further, MDL has argued that "regardless of the ultimate outcome of the reexaminations, staying this lawsuit undeniably will streamline the eventual trial." *Id.* at 20, citing *Alloc, Inc. V. Unlin Decor, N.V.,* 2003 WL 21640372, at *2 *D.Del. July 11, 2003); *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed.Cir. 1988) ("even if the reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court.")  The Court finds that simplification may occur even where, as here, it appears unlikely that all of the claims of the patent subject to reexamination will be rejected. Ultimately, all of the claims of the '179 patent are still under review even though some initial determination was made by the PTO.  Therefore, the Court finds that the issues will be narrowed upon resolution of the reexamination.

Lastly, although initially confirmed claims exist which depend on those that were initially rejected, the Court nevertheless finds that this consideration does not weaken the argument that the issues may be simplified upon reexamination.  While GTG will have to establish the limitations of rejected claims, the Court will save resources by not having to determine whether the rejected claims are invalid.  More importantly, as other courts have recognized, the reexamination process has benefits beyond the "'simplification of litigation that might result from the cancellation, clarification, or limitation of claims[.]'" *Ethicon*, 849 F.2d at 1428.  Consequently, the Court finds that this factor weighs in favor of granting a stay.

**C.      Stage of Litigation**

MDL argues that the procedural posture of this case favors a stay. MDL notes that "litigation has no advanced beyond the pleading stage." *MDL's Brief in Support,* Docket Entry No. 17-1, *20.  Indeed, the case was filed in late September 2012 and there has not yet been an

Initial Conference yet, as it was adjourned in contemplation of the instant motion. *Id.* at *21. "[W]here the court has not yet conducted a Rule 16(b)(2) scheduling conference, no scheduling Order is in place, no discovery has taken place, and little time has yet been invested in the litigation...staying these proceedings will save time and judicial resources." *Id.,* quoting *Abbott Diabetes Care, Inc. v. Dexcom, Inc.,* 2007 U.S. Dist. LEXIS 73198 at *15 (D.Del. Sept. 30, 2007).* GTG does not, and in fact cannot, dispute that this case is in its infancy. GTG does, however, argue that it expects "an Office Action or Notice of Intent to Issue a Reexamination Certificate" from the Examiner by the end of January and that, therefore, a stay is not warranted at this juncture, as it could possibly be moot. *GTG's Brief in Opposition,* Docket Entry No. 22, *7. However, as stated before, the Court is not persuaded by this reasoning. Indeed, such a brief stay would fall in favor of imposition, as there is even less chance of undue delay.

Here the Court finds that the very early stage of these proceedings strongly favors granting a stay in this matter.

### III.  Conclusion

For the reasons state above, having weighed the three factors delineated above and having balanced the costs and benefits associated with staying this matter, the Court finds that a stay pending the PTO's *ex parte* reexamination of the '179 patent is warranted.  As a result, MDL's motion is GRANTED.  An appropriate order follows.

Dated: January 17, 2013

                                                s/Tonianne J. Bongiovanni
                                                **HONORABLE TONIANNE J. BONGIOVANNI**
                                                **UNITED STATES MAGISTRATE JUDGE**